UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

1199/SEIU UNITED HEALTH CARE WORKERS
EAST,

        Plaintiff,

**ORDER DISMISSING CASE**
10-CV-0503 (RRM)(CLP)

- against -

LILY POND NURSING HOME,

        Defendant.

----------------------------------------------------------------X
MAUSKOPF, United States District Judge.

On February 4, 2010, Plaintiff commenced this action against Defendant Lily Pond Nursing Home ("Lily Pond") to confirm an arbitration award pursuant to Section 310 of the Labor Management Relations Act, 29 U.S.C. § 185(c), based on Defendant's alleged failure to make required contributions to various employee benefit funds as required under a collective bargaining agreement ostensibly applicable to Defendant.

On June 3, 2010, Plaintiff filed a motion for entry of default and for a default judgment, based on Defendant's failure to answer or otherwise move in response to the Complaint, and on June 4, 2010, the Clerk of Court entered a notation of default against the Defendant [Doc No. 8].

The motion for default judgment was referred by this Court to Magistrate Judge Cheryl L. Pollak, who, on January 3, 2011, issued a Report and Recommendation [Doc. No. 11] and recommended that the notation of default be vacated, and that Plaintiff be given an opportunity to amend its Complaint. The basis for the Magistrate Judge's recommendations turned on a

straightforward, but fatal, deficiency in Plaintiff's original Complaint: that is, the Complaint's central allegations refer to "Little Neck" as the defendant, and make no reference to Defendant Lily Pond; nowhere in the Complaint is there a suggestion that "Little Neck" and the named Defendant are in any way related. The Magistrate Judge ordered the parties to file objections to her Report and Recommendation by January 21, 2011.

No objections to the Report and Recommendation were filed, and on January 24, 2011, this Court issued an Order [Doc. No. 12] adopting the Report and Recommendation in its entirety, and vacating the Clerk's Entry of Default [Doc. No. 8]. This Court further ordered 1) that by February 2, 2011, Plaintiff shall file with the Court an Amended Complaint that corrects the deficiencies noted in the Report and Recommendation, and 2) by February 14, 2011, Plaintiff shall serve said Amended Complaint on Defendant Lily Pond Nursing Home in a manner prescribed by Rule 4 of the Federal Rules of Civil Procedure, and immediately file proof of such service with the Court. To date, Plaintiff has failed to comply with this Court's Order in any respect.

It has been nearly three months since the Magistrate Judge pointed out the deficiencies in Plaintiff's Complaint. Plaintiff never filed any objections to the Magistrate Judge's Report and Recommendation. Moreover, Plaintiff has failed to avail itself of the ample time provided to it by the Magistrate Judge and this Court to cure deficiencies in its Complaint, which deficiencies were created wholly due to the fault of Plaintiff, and which required both the Magistrate Judge and this Court to address a motion for default judgment that was defective on its face.

As such, the Court hereby ORDERS that the default entered by the Clerk of Court as to Defendant [Doc. No. 8] is VACATED, the Complaint is DISMISSED for failure to prosecute, and this matter is closed.

SO ORDERED.

Dated: Brooklyn, New York
      February 20, 2011

/S/
_____
ROSLYNN R. MAUSKOPF
United States District Judge